IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DANE S. FIELD, ) | CIVIL NO. 11-00394 SOM/BMK |
| ) | Bankr. No. 10-00235 |
| Plaintiff, ) | Adv. Pro. No. 11-AD-90032 |
| ) | |
| vs. ) | ORDER DENYING DEFENDANTS' |
| ) | MOTION TO WITHDRAW REFERENCE |
| JEANETTE D. LEVIN and ) | OF THE TRUSTEE'S COMPLAINT |
| CITIGROUP TRUST - DELAWARE ) | |
| N.A., THE SOLE TRUSTEE OF THE ) | |
| ALFRED A. AND JEANETTE D. ) | |
| LEVIN FAMILY TRUST, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW
REFERENCE OF THE TRUSTEE'S COMPLAINT

Defendants Jeanette D. Levin and Citigroup Trust, as Trustee of The Alfred A. & Jeanette D. Levin Family Trust ("Levin Family Trust"), have moved pursuant to 28 U.S.C. § 157(d) to withdraw the district court's reference to the bankruptcy court of the Complaint filed by Plaintiff Dane S. Field, the chapter 7 trustee of debtor Maui Industrial Loan & Finance Company ("Maui Industrial"). For the reasons set forth below, Defendants' motion is DENIED.

I.      FACTUAL AND PROCEDURAL BACKGROUND.

On January 28, 2010, Maui Industrial and its principal, Lloyd Kimura, both filed chapter 7 petitions in the United States Bankruptcy Court for the District of Hawaii. See In re Maui Indus. Loan & Fin. Co., Inc., Bankr. No. 10-00235, Dkt. No. 1 (Chapter 7 Voluntary Petition); In re Kimura, Bankr. No. 10-

00236, Dkt. No. 1 (same).[1]  Field was appointed the chapter 7 trustee of both estates on that same date.  In re Maui Indus. Loan & Fin. Co., Inc., Bankr. No. 10-00235, Dkt. No. 2; In re Kimura, Bankr. No. 10-00236, Dkt. No. 4.  The proceedings have been consolidated.  See Order Granting Trustee's Mot. Substantively Consolidate Estate with *In re Kimura*, 10-BK-00236, Jan. 24, 2011, attached as Exh. A to Opp., ECF No. 4.

In connection with the bankruptcies, Field filed adversary proceedings against various persons and entities, including Defendants.  See, e.g., In re Maui Indus. Loan & Fin. Co., Inc., Bankr. No. 10-00235, Dkt. Nos. 56, 60, 86-103, 169. Field contends that, from 1986 to 2009, Maui Industrial ran a Ponzi scheme, leading investors to lend money to Maui Industrial in exchange for an agreed rate of return on the pretense that the money lent would be used to make legitimate loans to other investors as part of Maui Industrial's regular business.  See Field v. Levin, Compl. ¶ 7, attached as Exh. B to Opp. ("Compl.").  Field alleges that Maui Industrial instead repaid investors' loans with money taken from new investors.  Id.  Maui Industrial ceased operation in 2009 by order of the Hawaii Department of Commerce and Consumer Affairs.  See Mem. Decision

---

[1] The court is permitted to take judicial notice of the bankruptcy court's dockets for the relevant proceedings, and it does so.  See Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

2

on Defs.' Mot. Dismiss & Pl.'s Countermot. Partial Summ. J. ¶ 3, June 29, 2011, attached as Exh. E to Opp. ("Ruling on Mot. Dismiss & Mot. Partial Summ. J.").

On April 11, 2011, Field filed his Complaint against Defendants. See Field v. Levin, Adv. Pro. No. 11-90032, Bankr. No. 10-00235, Dkt. No. 1. Field alleges that the Levin Family Trust loaned Maui Industrial $275,000 in 1997 and has received a total of $1,104,785.84 from Maui Industrial since that time. Compl. ¶ 9. Alleging that the money was accepted in bad faith, Field seeks to recover the entire amount of principal and interest at issue. E.g., Compl. ¶ 17.

The Complaint asserts federal claims for fraudulent transfer and transferee liability pursuant to 11 U.S.C. §§ 548 and 550, as well as a state law claim for fraudulent transfer pursuant to Hawaii's Uniform Fraudulent Transfers Act, Hawaii Revised Statutes § 651C-4. Compl. ¶¶ 11-24. The Complaint also asserts a claim for "strong arm powers," pursuant to 11 U.S.C. § 544, and a common law claim for unjust enrichment. Compl. ¶¶ 25-31.

On May 11, 2011, Defendants moved to dismiss the Complaint before the bankruptcy court. See Opp. Exh. C. Field countermoved in the bankruptcy court for partial summary judgment on June 3, 2011. Opp. Exh. D. Before the bankruptcy court ruled, Defendants filed the present motion asking this court to

withdraw its reference of the matter to the bankruptcy court.  On June 29, 2011, the bankruptcy court granted Defendants' motion to dismiss as to Field's claim for fraudulent transfer under 11 U.S.C. § 548, and denied the remainder of the motion.  See Ruling on Mot. Dismiss & Mot. Partial Summ. J. at 8.  As to Field's partial summary judgment motion, the bankruptcy court held that: (1) the statute of limitations under the Uniform Fraudulent Transfers Act began to run when the last reasonably diligent creditor would have discovered the fraudulent nature of Maui Industrial's transfers to Defendants and ended on the date of the bankruptcy petition; and (2) Maui Industrial was insolvent when it made its transfers to Defendants, and intended to hinder, delay, and defraud its creditors.  Id. at 8-9.  The bankruptcy court denied the remainder of Field's partial summary judgment motion.  See id. at 9.

II.      LEGAL STANDARD.

Subject to certain exceptions, district courts have original and exclusive jurisdiction over all bankruptcy matters, 28 U.S.C. § 1334, and may refer all bankruptcy matters to a bankruptcy court, 28 U.S.C. § 157(a); LR1070.1(a).  However, under certain circumstances, the reference may be withdrawn.  28 U.S.C. § 157(d).  The party bringing a motion to withdraw the reference to the bankruptcy court bears the burden of persuasion.  See Hawaiian Airlines, Inc. v. Mesa Air Group, Inc., 355 B.R.

214, 218 (D. Haw. 2006).

III.  ANALYSIS.

Field asserts claims under federal transferee liability and "strong arm powers" statutes, a fraudulent transfer claim under Hawaii's Uniform Fraudulent Transfers Act, and a claim for unjust enrichment.[2] These claims are all considered "core" bankruptcy proceedings, as they are "proceedings to determine, avoid, or recover fraudulent conveyances" or "other proceedings affecting the liquidation of the assets of the estate." See 28 U.S.C. § 157(b)(2)(H),(O). Therefore, the bankruptcy court has jurisdiction to hear and determine Field's claims.

Nevertheless, the district court may withdraw any case or proceeding, including core proceedings, "on timely motion of any party, for cause shown." 28 U.S.C. § 157(d). In determining whether cause exists, the court may consider "the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Vacation Village, Inc. v. Clark County, Nev., 497 F.3d 902, 914 (9th Cir. 2007) (citing Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997)).

Defendants base their motion to withdraw reference on

---

[2]The court notes that Field's federal law claim for fraudulent transfer, Compl. ¶¶ 11-17, was dismissed on statute of limitations grounds by the bankruptcy court.

5

their request for a jury trial and their refusal to consent to such trial in the bankruptcy court.  Mot. 6-8; see Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 36, 47-49, 64 (1989) (holding that the petitioner's claims for fraudulent transfer under 11 U.S.C. § 548(a)(1) and (a)(2) and § 550(a)(1) were legal in nature and therefore entitled the petitioner to a jury trial).  Field argues that Defendants have waived their right to a jury trial by asserting in their motion to dismiss that Defendants are entitled to the equitable remedy of restitution.  See Opp. 10-15.  Field also argues that Defendants waived their right to seek a jury trial because they filed a scheduling conference statement that indicated, "No jury trial has been demanded," and because Defendants have sought to intervene in one of the other adversary proceedings related to the bankruptcy.  See Opp. 16-19.

The court need not decide at this time whether Defendants have waived their right to a jury trial because, issues of waiver notwithstanding, there is no good cause to transfer the matter to the district court at this time.  The bankruptcy court may conduct a jury trial only "with the express consent of all the parties."  28 U.S.C. § 157(e).  But even if a party does not consent, a "valid right to a Seventh Amendment jury trial in the district court does not mean the bankruptcy court must instantly give up jurisdiction and that the action

must be transferred to the district court." <u>In re</u>
<u>Healthcentral.com</u>, 504 F.3d 775, 788 (9th Cir. 2007). The Ninth
Circuit has held that it is appropriate for the bankruptcy court
to "retain jurisdiction over the action for pre-trial matters."
<u>Id.</u> Accordingly, even when withdrawal of the reference may
ultimately be necessary, the court need not withdraw the
reference immediately. The Ninth Circuit emphasized that there
are two reasons for leaving the case with the bankruptcy court
for resolution of pretrial matters. First, allowing the
bankruptcy court to retain jurisdiction does not abridge a
party's Seventh Amendment right to a jury trial. <u>Id.</u> at 787.
"Second, requiring that an action be immediately transferred to
district court simply because of a jury trial right would run
counter to our bankruptcy system." <u>Id.</u> The current system
"promotes judicial economy and efficiency by making use of the
bankruptcy court's unique knowledge" of bankruptcy law as well as
its familiarity with the action before it. <u>Id.</u> at 787-88.
<u>Accord</u> <u>Nat'l Hockey League v. Moyes</u>, 2010 WL 3719289, at *2 (D.
Ariz. Sept. 15, 2010) ("The majority of courts in this District
addressing this issue have held that bankruptcy courts generally
are best equipped to manage all pretrial issues and that the
ultimate need for district court adjudication is speculative.").

Transfer of this case would be premature at this time.
The main causes of action alleged in this adversary proceeding

7

are fraudulent transfer claims, which are core bankruptcy matters. Because of the bankruptcy court's unique expertise in such matters, it would be an inefficient allocation of judicial resources to withdraw the claims at this time. Withdrawing the action would also be wasteful of the parties' resources and jeopardize the uniformity of bankruptcy administration, because both the district court and bankruptcy court would have to become familiar with facts about the estate and make determinations regarding the parties' rights and obligations.

This case is in its early stages. The docket reflects that the adversary proceeding was filed on April 11, 2011, only about four months ago. Preliminary motion practice ensued, with Defendants seeking to dismiss the Complaint on May 11, 2011, and Plaintiff countermoving for partial summary judgment on June 3, 2011. Defendants only filed their answer to the Complaint on July 26, 2011. Field v. Levin, Bankr. No. 10-00235, Dkt. No. 38. The first scheduling conference in this case will not occur until September 2011, and no trial date has been set. See id., Dkt. No. 41. Leaving adjudication of this case with the bankruptcy court means that the discovery issues, settlement conferences, and motion practice will be supervised in this adversary proceeding most efficiently by the same court that is currently supervising the other adversary proceedings filed in connection with the bankruptcy estate.

Should a jury trial ultimately be warranted and necessary, Defendants may again seek to withdraw the action to this court after all pretrial matters have been resolved in the bankruptcy court. See In re Healthcentral.com, 504 F.3d at 788 ("Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out"). Cf. Lattig v. 820 Mgmt. Trust (In re Lake at Las Vegas Joint Venture, LLC), Nos. 2:10-cv-1679-GMN-PAL, 2:10-cv-1680-GMN-PAL, 2011 WL 1303216, at *4 (D. Nev. Mar. 31, 2011) (denying motion to withdraw reference as premature because issues upon which Defendant sought jury trial were not yet ripe for trial); Hawaiian Airlines, Inc., 355 B.R. at 224-25 (same).

IV.  CONCLUSION.

Because withdrawal of this matter from the bankruptcy court at this time would waste judicial resources and increase delay and costs to the parties, as well as jeopardize the uniformity of bankruptcy administration, there is no good cause to withdraw the reference at this point. Defendants' motion is DENIED. If either party decides to again bring a motion to withdraw reference closer to time of trial, assuming this case ultimately proceeds to trial, the court directs the moving party to inform the Clerk of Court that its motion is related to the present case and so should be assigned to the same judge.

This order leaves unresolved the matter of whether any trial should be to a jury.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, August 8, 2011.



/s/ Susan Oki Mollway
Susan Oki Mollway
Chief United States District Judge

Field v. Levin; Civil No. 11-00394 SOM/BMK; ORDER DENYING DEFENDANTS' MOTION TO WITHDRAW REFERENCE OF THE TRUSTEE'S COMPLAINT.